**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000333
23-JUN-2023
07:55 AM
Dkt. 24 SO**

NO. CAAP-22-0000333

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MEIHUA LI, Plaintiff-Appellee,
v.
GREGORY WAKAYAMA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO.  3DRC-22-0000140)

<u>SUMMARY DISPOSITION ORDER</u>
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Defendant-Appellant Greg Wakayama (**Wakayama**), self-represented, appeals from the (1) Judgment for Possession (**Judgment**) and (2) the Writ of Possession (**Writ**),[1] both filed and entered on May 19, 2022 by the District Court of the Third Circuit, North and South Kona Division.[2]

---

[1]    Wakayama's Notice of Appeal does not "designate the judgment, order, or part thereof and the court or agency appealed from[,]" nor is a copy of the judgment or order attached as an exhibit, as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 3(c)(2).  Wakayama's Opening Brief appears to reference the Judgment for Possession and the Writ of Possession as the orders that Wakayama appeals from, and we construe the appeal as encompassing the same.

[2]    The Honorable Joseph P. Florendo, Jr. signed and entered the Judgment and Writ, and the May 18, 2022 Order Denying Ex Parte Motion to Stay

On appeal, Wakayama raises various contentions of error that are difficult to discern.  Wakayama's Opening Brief does not comply with HRAP Rule 28.  There are no points of error and no record references.

Despite non-compliance with the HRAP, we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible."  Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up).  To promote access to justice, we interpret pleadings prepared by self-represented litigants liberally, and attempt to afford them appellate review even though they fail to comply with court rules.  See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Accordingly, we address Wakayama's contentions to the extent we can discern them.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, we affirm.

On January 20, 2022, Plaintiff-Appellee Meihua Li (**Li**) filed a Complaint for Summary Possession in the District Court against Wakayama.  The Complaint alleged that Li was owner of a residence located at 75-198 Ala Onaona Street, Kailua-Kona, Hawaiʻi (**Property**); that Wakayama's lease ended on the Property; and that Wakayama had not paid rent or vacated the premises despite multiple notices to vacate the Property.

On May 9, 2022, Wakayama filed a counterclaim against Li.

---

Execution of Wright of Possession.  The Honorable Kimberly B. Taniyama presided over the April 8 and May 11, 2022 trial.

2

Trial was held on April 8 and May 11, 2022.[3] The court minutes of May 11, 2022, indicate that the District Court ruled in favor of Li.

On May 17, 2022, Wakayama timely appealed. Later that day, Wakayama filed an Ex Parte Motion to Stay Execution of Writ of Possession (**Ex Parte Motion to Stay**).

On May 18, 2022, the District Court denied the Ex Parte Motion to Stay.

On May 19, 2022, the District Court filed its Judgment and Writ.

From what we can discern, Wakayama appears to contend that the Judgment and Writ are invalid because the Judgment and Writ were signed by Judge Florendo, and not by Judge Taniyama, who presided over the trial; that the judges were "bias [sic] [and] prejudice [sic]" against Wakayama; that Li violated a "Federal Trade Commission trade regulation rule"; that Li had unclean hands; that the Complaint was filed in "bad faith" to "harass" Wakayama and in a lower court "without proper jurisdiction"; that Li failed to bring proper parties into this case; that Li's filings were "intentional for non disclosure [sic] of amount"; that Li failed to seek back rent in the Complaint; that Li lacked standing because Li admitted the Property was sold; and that Wakayama had filed a lien and "Lis Pendens" against the Property. Wakayama, however, does not present discernible legal authority, record references to

---

[3] Wakayama did not request transcripts of the April 8 and May 11, 2022 trial as required by HRAP Rule 10. See HRAP Rule 10(a)(1)(A) (requiring a transcript request "[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from . . . ."); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." (alteration in original) (citation and internal quotation marks omitted)).

support asserted facts, or argument beyond conclusory assertions to support these contentions.  See Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 478, 164 P.3d 696, 736 (2007) (stating that "an appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments."); HRAP Rule 28(b)(7) (requiring citations to legal authorities to support contentions).  We conclude his contentions are waived and thus need not address them.  See HRAP Rule 28(b)(7).  ("Points not argued may be deemed waived.").

For the foregoing reasons, we affirm the (1) Judgment for Possession and (2) the Writ of Possession, both filed and entered on May 19, 2022 by the District Court of the Third Circuit, North and South Kona Division.

DATED:  Honolulu, Hawaiʻi, June 23, 2023.

On the briefs:

Gregory Wakayama,
Self-Represented Defendant-
Appellant.

Li Li,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

4